VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

LINDA DARNELL GERVIN

        Plaintiff,

v.

CARY JAMES DONATTO
Serve: Secretary of the Commonwealth
      1111 East Broad Street, 4th Floor
      Richmond, VA 23219

CL16024306-04

and

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.
Serve: CT Corporation System, Registered Agent
      4701 Cox Road, Suite 285
      Glen Allen, VA 23060

        Defendants.

## COMPLAINT

    Plaintiff, by counsel, states as follows as Plaintiff's Complaint and moves for judgment against Cary James Donatto and Clean Harbors Environmental Services, Inc. ("Defendants"), jointly and severally, on the grounds and in the amount set forth below:

    1.    Defendant Clean Harbors Environmental Services, Inc. ("Clean Harbors") is a corporation organized under the laws of the State of Massachusetts doing business in Virginia.

    2.    Defendant Clean Harbors maintains a business office at 4101 Washington Avenue in Newport News, Virginia and West Point, Virginia.

    3.    Defendant Clean Harbors regularly conducts affairs or business activity in the City of Newport News.

    4.    At all relevant times defendant James Donatto ("Donatto") was an employee of Clean Harbors.

5. On or about August 27, 2014, Defendant Donatto operated a motor vehicle in the City of Newport News, Virginia on J. Clyde Morris Blvd.

6. On information and belief, at that time and place, defendant Donatto was employed by or was the agent of defendant Clean Harbors.

7. On information and belief, at that time and place, defendant Donatto was driving with the consent and authority of Clean Harbors'.

8. At that time and place, defendant Donatto was acting within the scope of his employment or agency or authority.

9. At that time and place, defendant Donatto was driving the vehicle for defendant Clean Harbors.

10. That defendant Donatto was knowingly operating his vehicle while legally intoxicated, having voluntarily consumed an amount of alcoholic beverages in excess of the legal limit in this Commonwealth. It is alleged that the defendant's intoxicated condition knowingly impaired his physical and mental capabilities and rendered him unable to operate his vehicle with any control. Nonetheless, the defendant disregarded a conscious awareness of his intoxicated state, and made a deliberate decision to operate his vehicle knowing full well the effect that alcohol has on his person and the fact that the consumption of alcohol would knowingly impair his ability to operate a motor vehicle. He consciously chose not to pull off the road, but to continue driving. The defendant voluntarily acted in a willful, wanton and reckless manner, in complete disregard of plaintiff's safety, and was otherwise grossly negligent in the manner in which he operated his automobile at the time and place of this collision, and that as a direct and proximate result of such willful, wanton, reckless and grossly negligent conduct of Defendant Donatto, your plaintiff has been caused to suffer severe injuries.

11. That Defendant Donatto's blood alcohol content at the time of the crash was .15 grams per 210 liters of breath, as indicated by the Certificate of Blood Alcohol Analysis.

12. That on September 15, 2014 defendant Donatto entered a plea of guilty and was found guilty of driving while under the influence.

13. Defendant Donatto is personally liable for the damages alleged herein.

14. Defendant Clean Harbors is vicariously liable for the damages alleged herein as the employer or principal of defendant Donatto; and defendant Clean Harbors is also directly liable for such damages as a result of its own negligence and breaches as alleged herein.

It is alleged that Defendant Clean Harbors knew or should have known of Defendant Donatto's propensity to consume alcohol in excess and drive while intoxicated, yet they willfully, wantonly and negligently entrusted their motor vehicle to Defendant Donatto and that defendant Donatto has an extensive criminal history, including numerous serious felonies and has served various prison sentences for same.

15. At that time and place, it was the duty of defendant Donatto and defendant Clean Harbors to operate the vehicle with reasonable care and with due regard for plaintiff's safety.

16. Notwithstanding such duty, at that time and place defendant Donatto carelessly and negligently operated the vehicle and rear-ended the Plaintiff's vehicle pushing Plaintiff's vehicle into oncoming traffic.

17. At that time and place, Defendants had a duty to use reasonable care in each of the following respects:

    a. To operate the vehicle with reasonable care and with due regard for Plaintiff's safety.

    b. To ensure that the vehicle was properly and reasonably entrusted to Defendant Donatto.

    c. To ensure that the vehicle was properly maintained and equipped so that it would be operated safely.

    d. To insure that defendant Donatto was properly qualified, trained, supervised and equipped to operate the vehicle safely.

18. Defendants breached the foregoing duties and were negligent.

19. Defendant Donatto failed to use reasonable care and was negligent in the operation of the vehicle in that, among other things:

    a. He struck the vehicle Plaintiff was operating.

    b. He failed to keep the vehicle he was driving under proper control.

    c. He failed to pay full attention to the operation of his vehicle.

    d. He failed to keep a proper lookout.

    e. He failed to timely apply brakes.

    f. He failed to avoid the collision.

    g. He failed to use reasonable care when operating his vehicle.

    h. He drove carelessly and recklessly.

    i. He failed to obey traffic laws and regulations.

    j. He failed to obey traffic signal.

    k. He was negligent *per se* in that, among other things, he violated the following Virginia Code sections: 46.2-833 (failure to obey traffic signal); 46.2-852 (reckless driving); and 18.2-266 (driving while intoxicated).

20. As a direct and proximate result of the breach of these duties, and of the negligence of Defendants and gross negligence of defendant Donatto, Plaintiff has suffered

serious injuries and other damages.

21. The facts and circumstances outlined above support an award of common law punitive damages and/or statutory exemplary damages under Virginia Code § 8.01-44.5.

22. Plaintiff was free from negligence in connection with the accident.

23. Plaintiff did not assume the risk of the accident.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in the sum of $25,876,341.09 compensatory damages and $350,000.00 punitive damages, plus prejudgment interest from August 27, 2014, plus costs expended in this action, and such other relief as the Court may deem appropriate.

A trial by jury is demanded.

LINDA DARNELL GERVIN

By: _____

Stephen M. Smith (VSB no. 14362)
Brain Injury Law Center
2100 Kecoughtan Road
P. O. Box 1437
Hampton, Virginia 23661-0437
Phone: (757) 244-7000
Fax: (757) 244-7740

Counsel for Plaintiff

5