**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| **LINDA DARNELL GERVIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CARY JAMES DONATTO,** ) | |
| ) | **Civil Action No. 4:16-cv-00162** |
| **CLEAN HARBORS INDUSTRIAL** ) | |
| **SERVICES, INC.,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **CLEAN HARBORS ENVIRONMENTAL** ) | |
| **SERVICES, INC.** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF LINDA DARNELL GERVIN'S**
**PROPOSED JURY INSTRUCTIONS**

**Plaintiff's Proposed Instruction No. 1**

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.[1]

---

[1] Va. Model Jury Instructions (Civil) No. 2.020.

**Plaintiff's Proposed Instruction No. 2**

The plaintiff called a defendant and/or a defendant's employee as an adverse witness.  The plaintiff is bound by as much of the defendant's and/or the defendant's employee's testimony given as an adverse witness as is clear, logical, reasonable and uncontradicted.

The plaintiff is not bound by any of the defendant's and/or the defendant's employee's testimony given as an adverse witness that conflicts with any of the other evidence in the case.[2]

---

[2] Va. Model Jury Instructions (Civil) No. 2.030 (modified and adapted); Norfolk & P.B.L.R. Co. v. C.F. Mueller Co., 197 Va. 533, 539 (1955) (applying rule to testimony given by Defendant's employee).

**Plaintiff's Proposed Instruction No. 3**

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it and the underlying facts and data upon which he relied.[3]

---

[3] Va. Model Jury Instruction (Civil) No. 2.040.

**Plaintiff's Proposed Instruction No. 4**

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.[4]

---

[4] Va. Model Jury Instructions (Civil) No. 2.100.

**Plaintiff's Proposed Instruction No. 5**

If you believe from the evidence that a witness other than a party previously made a statement inconsistent with his testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility.  It is not evidence that what the witness previously said was true.[5]

---

[5]        Va. Model Jury Instructions (Civil) No. 2.130.

**Plaintiff's Proposed Instruction No. 6**

If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true.[6]

---

[6] Va. Model Jury Instruction (Civil) No. 2.135.

**Plaintiff's Proposed Instruction No. 7**

You must not consider any matter that was rejected or stricken by the Court.  It is not evidence and should be disregarded.[7]

_____

[7] Va. Model Jury Instruction (Civil) No. 2.170.

**Plaintiff's Proposed Instruction No. 8**

The positions of the parties can be summarized as follows:

First, the plaintiff Linda Darnell Gervin claims that Defendant Cary James Donatto was negligent, grossly negligent, and/or willfully and wantonly negligent when he caused the truck he was driving to collide with her vehicle, and that Cary James Donatto's negligence was a proximate cause of the collision and her injuries.  Linda Darnell Gervin further claims that Defendant Clean Harbors Industrial Services, Inc. is liable for Cary James Donatto's negligence because Cary James Donatto was acting within the scope of his employment with Clean Harbors Industrial Services, Inc. at the time of the collision.

Second, Plaintiff Linda Darnell Gervin claims that Defendant Clean Harbors Industrial Services, Inc. negligently entrusted its truck to Cary James Donatto, an unfit driver Clean Harbors Industrial Services, Inc. knew or should have known was likely to use its truck in a manner involving unreasonable risk of harm to others, and that the negligent entrustment was a proximate cause of the collision and her injuries.

Finally, Plaintiff Linda Darnell Gervin claims that Defendant Clean Harbors Industrial Services, Inc. was negligent in failing to control its employee Cary James Donatto's use of its truck, so as to prevent him from conducting himself so as to create an unreasonable risk for bodily harm to others, although it knew, or had reason to know, that it had the ability to control Cary James Donatto's use of its truck and it knew, or should have known, of the necessity and opportunity for exercising such control, and that Clean Harbors Industrial Services, Inc.'s negligence was a proximate cause of the collision and her injuries.

The defendants, Cary James Donatto and Clean Harbors Industrial Services, Inc., have each admitted that they were negligent in causing the collision and that they are liable for any injury plaintiff Linda Darnell Gervin received from the collision.  However, the defendants deny that the Linda Darnell Gervin has suffered injuries and incurred damages to the extent and in the amount claimed.

This summary of the parties' positions is intended only as background information to help you understand the nature of this case.  It is not evidence and you may not consider it as such.[8]

---

[8]   Federal Jury Practice and Instructions Civil, 6th Ed, § 101:03 (modified and adapted).

**Plaintiff's Proposed Instruction No. 9**

Because the defendants, Cary James Donatto and Clean Harbors Industrial Services, Inc., have each admitted that they are liable for any injury plaintiff Linda Darnell Gervin received from the collision, the only issue that you have to decide, with respect to Linda Darnell Gervin's claims, is the amount of damages, if any, Plaintiff Linda Darnell Gervin is entitled to recover.

Defendants' admission of liability should not influence you in any way in considering the issue of damages.[9]

---

[9]     Va. Model Jury Instructions (Civil) No. 2.200 (modified and adapted).

**Plaintiff's Proposed Instruction No. 10**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issue in this case is:

What is the amount of Plaintiff's damages?

On this issue the plaintiff has the burden of proof.

Your decision on this issue must be governed by the instructions that follow.[10]

---

[10] Va. Model Jury Instructions (Civil) No. 3.000 (modified).

**Plaintiff's Proposed Instruction No. 11**

Because the defendants, Cary James Donatto and Clean Harbors Industrial Services, Inc., have each admitted that they are liable for any injury the plaintiff, Linda Darnell Gervin, received from the collision, you shall find your verdict for the plaintiff, Linda Darnell Gervin, and against the defendants, Cary James Donatto and Clean Harbors Industrial Services, Inc.

You shall award the plaintiff damages if she has proved by the greater weight of the evidence that the collision was the proximate cause of her injuries and damages.[11]

---

[11]     Va. Model Jury Instruction (Civil) No. 3.060 (modified and adapted).

**Plaintiff's Proposed Instruction No. 12**

The greater weight of all the evidence is sometimes called the preponderance of the evidence.  It is that evidence which you find more persuasive.  The testimony of one witness whom you believe can be the greater weight of the evidence.[12]

---

[12] Va. Model Jury Instructions (Civil) No. 3.100.

**Plaintiff's Proposed Instruction No. 13**

A proximate cause of an injury or damage is a cause that, in natural and continuous sequence, produces the injury or damage.  It is a cause without which the injury or damage would not have occurred.[13]

---

[13] Va, Model Jury Instruction (Civil) No. 5.000.

**Plaintiff's Proposed Instruction No. 14**

If you determine that plaintiff Linda Darnell Gervin is entitled to damages, then in

determining the damages to which she is entitled, you shall consider any of the following which

you believe by the greater weight of the evidence was proximately caused by the collision at

issue:

1.  any bodily injuries she sustained and their effect on her health according to their degree and
    probable duration;

2.  any physical pain and mental anguish she suffered in the past and any that she may be
    reasonably expected to suffer in the future;

3.  any inconvenience caused in the past and any that probably will be caused in the future;

4.  any medical expenses incurred in the past and any that may reasonably be expected to occur in
    the future;

5.  any earnings she lost because he was unable to work at her calling;

6.  any loss of earnings and lessening of earning capacity, or either, that she may reasonably be
    expected to sustain in the future.

Your verdict should be for such sum as will fully and fairly compensate Linda Darnell

Gervin for the injuries and damages she sustained as a result of the collision.

Your verdict may also contain interest, at the prevailing legal rate, from the date of the

accident, August 27, 2014, or any date thereafter.[14]

---

[14][14] Va. Model Jury Instructions (Civil) 9.000 (modified and adapted).

**Plaintiff's Proposed Instruction No. 15**

If you find that the plaintiff had a condition before the accident that was aggravated as a result of the collision, or that the pre-existing condition made the injury she received in the collision more severe or more difficult to treat, then she may recover for the aggravation and for the increased severity or difficulty of treatment, but she is not entitled to recover for the pre-existing condition.[15]

---

[15]    Virginia Model Jury Instruction (Civil) No. 9.030.

**Plaintiff's Proposed Instruction No. 16**

You should consider the life expectancy figure of  27 years, along with any other evidence relating to the health, constitution, and habits of Linda Darnell Gervin in determining her life expectancy.[16]

---

[16] Va. Model Jury Instructions (Civil) No. 9.120 (adapted based on Va. Code § 8.01-419).

**Plaintiff's Proposed Instruction No. 17**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number witnesses who testify.[17]

---

[17] Federal Jury Practice and Instructions Civil, 6th Ed., § 101:43.

Respectfully submitted,

LINDA DARNELL GERVIN

/s/ _____
Kevin W. Mottley (VSB No. 40179)
Benjamin P. Kyber (VSB No. 85604)
THE MOTTLEY LAW FIRM PLC
*Co-Counsel for Plaintiff Linda Darnell Gervin*
1700 Bayberry Court, Suite 203
Richmond, Virginia 23226
Ph: 804-930-1022
Fax: 804-767-2592
Email: kevinmottley@mottleylawfirm.com
Email: benkyber@mottleylawfirm.com

Stephen M. Smith (VSB No. 14362)
David B. Holt (VSB No. 65564)
JOSEPH SMITH, LTD.
*Co-Counsel for Plaintiff Linda Darnell Gervin*
2100 Kecoughtan Road
Hampton, Virginia 23661
Ph: (757) 244-7000
Fax: (757) 244-7046
Email: dholt@attorneys4injured.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing using the Court's CM/ECF system, which

caused the document to be served on the following counsel for Defendants on October 10, 2017:

Gretchen A. Jackson, Esq.
Shalin R. Sood, Esq.
*Counsel for Defendant Cary James Donatto*
LECLAIRRYAN, A PROFESSIONAL CORPORATION
123 E. Main Street, 8th Floor
Charlottesville, VA 22902
Email: gretchen.jackson@leclairryan.com
Email: shalin.sood@leclairryan.com

Michael E. Harman, Esq.
Lynne Jones Blain, Esq.
*Counsel for Clean Harbors Environmental Services, Inc.*
HARMON, CLAYTOR, CORRIGAN & WELLMAN
P.O. Box 70280
Richmond, VA 23255
Email: mharman@hccw.com
Email: lblain@hccw.com

/s/ _____