**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| **LINDA DARNELL GERVIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CARY JAMES DONATTO, and** | ) | **Civil Action No. 4:16-cv-00162** |
| **CLEAN HARBORS INDUSTRIAL** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**AGREED JURY INSTRUCTIONS AND VERDICT FORM**</u>

The parties jointly file the following Agreed Jury Instructions and Verdict Form:

**Instruction No. ___**

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

You must perform your duties as juror without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Federal Jury Instructions, Devitt & Blackmar § 71.01.

**Instruction No. ___**

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.  You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness.  However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony.  From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.[1]

---

[1] Va. Model Jury Instructions (Civil) No. 2.020.

**Instruction No. ___**

The amount sued for is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

VMJI 2.180
1998 Replacement Edition

**Instruction No. _____**

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his or her opinion and the manner by which he or she arrived at it and the underlying facts and data upon which he or she relied.[2]

---

[2] Va. Model Jury Instruction (Civil) No. 2.040.

**Instruction No. ___**

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.[3]

---

[3] Va. Model Jury Instructions (Civil) No. 2.100.

**Instruction No. ___**

You must consider and decide this case as an action between parties of equal standing in the community of equal worth and holding the same or similar stations in life.  Clean Harbors Industrial Services, Inc. is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

See Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 71.05 (4th ed. 1987)

**Instruction No. ____**

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation.

Your verdict must be based solely upon the evidence and instructions of the court.

VMJI 2.220
1993 Civil Edition

**Instruction No. ___**

If you believe from the evidence that a witness other than a party previously made a statement inconsistent with his or her testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility.  It is not evidence that what the witness previously said was true.[4]

---

[4]     Va. Model Jury Instructions (Civil) No. 2.130.

**Instruction No. ____**

If you believe from the evidence that a party previously made a statement inconsistent with her testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true.[5]

---

[5] Va. Model Jury Instruction (Civil) No. 2.135.

**Instruction No. ___**

You must not consider any matter that was rejected or stricken by the Court.  It is not evidence and should be disregarded.[6]

---

[6] Va. Model Jury Instruction (Civil) No. 2.170.

**Instruction No. ___**

Statements and arguments of counsel are not evidence in this case.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn  testimony of the witnesses, regardless of who may have called them; and all exhibits received in  evidence, regardless of who may have produced them; and all facts which may have been  admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which any objections was sustained by the Court must be entirely disregarded.

Federal Jury Instructions, Devitt & Blackmar § 71.08

**Instruction No. ___**

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in light  of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Federal Jury Instructions, Devitt & Blackmar § 72.04

**Instruction No. ___**

The defendants have admitted that they are liable for any injury the plaintiff received from the collision.  Therefore, the only issue that you have to decide is the amount of damages, if any, the plaintiff is entitled to recover.

An admission of liability should not influence you in any way in considering the issue of damages.[7]

---

[7]      Va. Model Jury Instructions (Civil) No. 2.200 and No. 3.060 (modified and adapted).

**Instruction No. ____**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses".  Witnesses who, by education and experience, have become expert in some art, science,  profession, or calling, may state their opinions as to relevant and material matters, in which they  profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it  such weight as you may think it deserves.  If you should decide that the opinion of an expert  witness is not based upon sufficient education and experience, or if you should conclude that the   reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other  evidence, you may disregard the opinion entirely.

Federal Jury Instructions, Devitt & Blackmar § 72.08

**Instruction No. ___**

The greater weight of all the evidence is sometimes called the preponderance of the evidence.  It is that evidence which you find more persuasive.  The testimony of one witness whom you believe can be the greater weight of the evidence.[8]

---

[8] Va. Model Jury Instructions (Civil) No. 3.100.

**Instruction No. ___**

A proximate cause of an injury or damage is a cause that, in natural and continuous sequence, produces the injury or damage.  It is a cause without which the injury or damage would not have occurred.[9]

---

[9] Va, Model Jury Instruction (Civil) No. 5.000.

**Instruction No. ___**

  In determining the damages to which Linda Darnell Gervin is entitled, you shall consider

any of the following which you believe by the greater weight of the evidence was proximately

caused by the negligence of the Defendants:

1.  any bodily injuries she sustained and their effect on her health according to their degree and probable duration;

2.  any physical pain and mental anguish she suffered in the past and any that she may be reasonably expected to suffer in the future;

3.  any inconvenience caused in the past and any that probably will be caused in the future;

4.  any medical expenses incurred in the past and any that may reasonably be expected to occur in the future;

5.  any earnings she lost because she was unable to work at her calling;

6.  any loss of earnings and lessening of earning capacity, or either, that she may reasonably be expected to sustain in the future.

  Your verdict shall be for such sum as will fully and fairly compensate Linda Darnell

Gervin for the damages she sustained as a result of the Defendants' negligence.[10]

---

[10] Va. Model Jury Instructions (Civil) 9.000 (modified and adapted).

**Instruction No. ___**

If you find that the plaintiff had a condition before the accident that was aggravated as a result of the collision, or that the pre-existing condition made the injury she received in the collision more severe or more difficult to treat, then she may recover for the aggravation and for the increased severity or difficulty of treatment, but she is not entitled to recover for the pre-existing condition.[11]

---

[11]    Virginia Model Jury Instruction (Civil) No. 9.030.

**Instruction No. ___**

If you believe by the greater weight of the evidence:

(1)      that the plaintiff used reasonable care in selecting a physician to treat her injuries; and;

(2)      that the treating physician made the injuries worse;

then the plaintiff is entitled to damages from the defendant for the increase in her injuries caused

by the physician.

**Instruction No. \_\_\_\_**

You should consider the life expectancy figure of  27 years, along with any other evidence relating to the health, constitution, and habits of Linda Darnell Gervin in determining her life expectancy.[12]

---

[12] Va. Model Jury Instructions (Civil) No. 9.120 (adapted based on Va. Code § 8.01-419).

**Instruction No. ___**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number witnesses who testify.[13]

---

[13] Federal Jury Practice and Instructions Civil, 6th Ed., § 101:43.

**Instruction No. \_\_\_**

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise  considered by the jury, so far as possible, in the same way as if the witness had been present, and  had testified from the witness stand.

Federal Jury Instructions, Devitt & Blackmar § 73.02

**Instruction No. \_\_\_**

The burden is on Linda Darnell Gervin to prove by the greater weight of the evidence each item of damage she claims and that such damage was proximately caused by the Defendants' negligence.  She is not required to prove the exact amount of her damages, but she must show  sufficient facts and circumstances to permit you to make a reasonable estimate of each item.  If  she fails to do so, then she cannot recover for that item.

VMJI 9.010 (modified)
1995 Civil Supplement

**Instruction No. ___**

You may choose whether or not to award interest.  If you do award interest, you may choose a date from the date of the accident up until the date of the trial upon which to begin the accrual of interest.

Va. Code Ann. § 8.01-382 (Repl. Vol. 2015); *Shepard v. Capitol Foundry of Va., Inc.*, 554 S.E.2d 72, 76, 262 Va. 715, 722 (2001).

## **VERDICT FORM**

With respect to the claims of Linda Darnell Gervin, plaintiff, against Cary James Donatto and Clean Harbors Industrial Services, Inc., defendants, we the jury award the following amount in damages to Plaintiff Linda Darnell Gervin (write amount in the blank):

_____.

Should Plaintiff Linda Darnell Gervin recover prejudgment interest on the amount of damages awarded above? (Check One)

Yes_____          No_____

If you find that Plaintiff Linda Darnell Gervin should recover prejudgment interest, please write in the date from which such interest should run _____.


_____          _____
                Foreperson                                    Date

Respectfully submitted,

LINDA DARNELL GERVIN

/s/
_____
Kevin W. Mottley (VSB No. 40179)
Benjamin P. Kyber (VSB No. 85604)
THE MOTTLEY LAW FIRM PLC
*Co-Counsel for Plaintiff Linda Darnell Gervin*
1700 Bayberry Court, Suite 203
Richmond, Virginia 23226
Ph: 804-930-1022
Fax: 804-767-2592
Email: kevinmottley@mottleylawfirm.com
Email: benkyber@mottleylawfirm.com

Stephen M. Smith (VSB No. 14362)
David B. Holt (VSB No. 65564)
JOSEPH SMITH, LTD.
*Co-Counsel for Plaintiff Linda Darnell Gervin*
2100 Kecoughtan Road
Hampton, Virginia 23661
Ph: (757) 244-7000
Fax: (757) 244-7046
Email: dholt@attorneys4injured.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing using the Court's CM/ECF system, which

caused the document to be served on the following counsel for Defendants on October 22, 2017:

Gretchen A. Jackson, Esq.
Shalin R. Sood, Esq.
*Counsel for Defendant Cary James Donatto*
LECLAIRRYAN, A PROFESSIONAL CORPORATION
123 E. Main Street, 8th Floor
Charlottesville, VA 22902
Email: gretchen.jackson@leclairryan.com
Email: shalin.sood@leclairryan.com

Michael E. Harman, Esq.
Lynne Jones Blain, Esq.
*Counsel for Clean Harbors Environmental Services, Inc.*
HARMON, CLAYTOR, CORRIGAN & WELLMAN
P.O. Box 70280
Richmond, VA 23255
Email: mharman@hccw.com
Email: lblain@hccw.com

/s/ _____